UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

GELACIO MAS,   Case No. _____

    Plaintiff,

vs.

PRESTIGE TRANSPORTATION SERVICE, LLC.,
A Florida Profit Corporation, and RICARDO HERNANDEZ,
Individually.

    Defendants.
_____/

## COMPLAINT

**COMES NOW**, the Plaintiff, GELACIO MAS (hereinafter "MAS"), by and through his undersigned counsel, and files this Complaint against PRESTIGE TRANSPORTATION SERVICE, LLC. (hereinafter "PRESTIGE") and RICARDO HERNANDEZ (hereinafter "HERNANDEZ") in support alleges as follows:

1. This is an action to recover money damages for unpaid wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. §201-219 (Section 216 for jurisdictional placement) ("the Act").

2. This is an action brought by MAS to recover from PRESTIGE for unpaid overtime wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees.

3. MAS is over the age of 18, resides in Miami Dade County, Florida at 55 East 4th Street, Apt 205, Hialeah, Florida 33010, and is otherwise *Sui Juris*.

4. Defendant, PRESTIGE, at all relevant times, was a Florida Corporation with its principal place of business located at 3663 NW 21st Street, Miami, Florida 33142, and whose registered agent, HERNANDEZ, is also located at 3663 NW 21st Street, Miami, Florida 33142.

5. The Defendants' business activities involve those to which the Fair Labor Standards Act applies.

6. The Defendants' business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period as the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same.

7. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

8. The Defendants also regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

9. Upon information and belief, PRESTIGE's gross sales or business exceeded $500,000.00 for the relevant time periods alleged in this complaint.

10. The individual Defendant HERNANDEZ is an adult resident of Miami Dade County.

11. The individual Defendant HERNANDEZ is a corporate officer and/or owner and/or manager of the Corporate Defendant, PRESTIGE.

12. The individual Defendant HERNANDEZ ran and/or assisted in the running of day-to-day operations of Corporate Defendants at all relevant times alleged within this complaint.

13. The individual Defendant HERNANEZ was responsible for paying MAS's wages for the relevant times alleged in this complaint.

14. The individual Defendant HERNANDEZ controlled Plaintiff's work and schedule.

15. The individual Defendant HERNANDEZ was MAS's employer as defined by 29 U.S.C. 203 (d).

16. All of the relevant events alleged in this complaint occurred in Dade County.

## COMMON FACTUAL ALLEGATIONS

17. From approximately November, 2011 through January 26, 2014, MAS worked for PRESTIGE as a driver.

18. During the period of May 25, 2012 through January 26, 2014, MAS was not paid overtime as required by state and federal law.

19. From May 25, 2012 through October 31, 2013, MAS worked approximately 709.23 hours in excess of 40 hours per week.

20. From November 1, 2013 through January 26, 2014, MAS worked approximately 182.17 hours in excess of 40 hours per week.

21. MAS was compensated at a rate of $11.00 per hour for driving a bus and $8.00 an hour for driving a van.

22. In total, MAS did not receive approximately **$11,515.56** in overtime pay for the work that he performed for PRESTIGE from approximately May 25, 2012 through January 26, 2014.

### COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT (OVERTIME WAGE VIOLATION)

23. Plaintiff readopts and realleges all the allegations contained within Paragraphs 1 through 22.

24. This is an action to collect unpaid overtime wages under the Fair Labor and Standard Act, 29 U.S.C. § 201 *et. seq.* (the "FLSA").

25. Concurrent jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216 (b).

26. 29 U.S.C. § 207 (a) (1) requires that employer compensate an employee at least at one and half times the employee's regular rate for hours an employee works in excess of forty (40) hours in any work week.

27. From approximately May 25, 2012 through January 26, 2014, MAS worked approximately 891.4 hours in excess of the forty (40) hour work week for PRESTIGE.

28. Defendants did not pay MAS at all for the 891.4 hours that MAS worked in excess of the forty (40) hour work week for PRESTIGE.

29. As per the Fair Labor and Standard Act, 29 U.S.C. § 201 *et. seq.*, MAS should have been paid at a rate of 1.5 times the minimum wage per hour by the Defendants for approximately 891.4 hours that MAS worked in excess of the forty (40) hour work week for PRESTIGE.

30. In total, Defendants were required to pay MAS approximately **$11,515.56** for approximately 891.4 hours that MAS worked in excess of the forty (40) hour work week for PRESTIGE.

31. As a result of the Defendants failure to pay MAS at the proper rate of pay for approximately 891.4 hours that MAS worked in excess of the forty (40) hour work week for PRESTIGE, Defendants have violated the Fair Labor and Standard Act, 29 U.S.C. § 201 *et. seq.* and MAS was not paid approximately **$11,515.56.**

32. Defendants willfully and intentionally refused to pay MAS's overtime wages as required by the FLSA as Defendants knew of the Federal Overtime Wage requirements of the FLSA and recklessly failed to investigate whether their payroll practices were in accordance with the FLSA.

33. Furthermore, MAS demanded the **$11,515.56** due as a result of Defendants' violation of the Federal Overtime Wage requirements of the FLSA through a letter by MAS's counsel, but Defendants never responded to this demand for these unpaid wages.

**WHEREFORE**, the Plaintiff requests double damages and reasonable attorney's fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with each Defendant, along with court costs, interests, and any such other relief that this Court finds reasonable under the circumstances.

## JURY DEMAND

MAS and those similarly situated demand trial by jury of all issues so triable as of right.

                                          **CORONA LAW FIRM, P.A.**
Counsel for the Defendant(s)
3899 NW 7th Street, 2nd Floor
Miami, FL  33126
Telephone: (305) 266-1150
Facsimile: (305)266-1151
Email: kbordatto@coronapa.com
Secondary Email:marta@coronapa.com

By: /s/Krista Bordatto, Esq.
Ricardo Corona, Esq.
FBN 111333
Krista Bordatto, Esq.
FBN 112395